**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| OLDCASTLE APG SOUTH, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>) Civ. A. No. _____<br>TECHO-BLOC USA CORP., TECHO- )<br>BLOC CORP., TECHO-BLOC MIDWEST )<br>CORP., TECHO-BLOC (NE) CORP., and ) **JURY TRIAL DEMANDED**<br>PLANT RETRIEVERS WHOLESALE )<br>NURSERY, LLC )<br>)<br>Defendants. )<br>)<br>)| |

**COMPLAINT**

This is a complaint for patent infringement. Plaintiff Oldcastle APG South, Inc. ("Oldcastle" or "Plaintiff") brings this action against Techo-Bloc USA Corp., Techo-Bloc Corp., Techo-Bloc Midwest Corp., Techo-Bloc (NE) Corp., and Plant Retrievers Wholesale Nursery, LLC and states as follows:

**PARTIES**

1. Plaintiff Oldcastle APG South, Inc. is a corporation organized and existing under the laws of the state of North Carolina with a principal place of business at 5701 McCrimmon Parkway, Raleigh, North Carolina 27560.

2. Plaintiff makes, uses, offers for sale, and sells products including, without limitation, fire places. Authorized resellers and distributors offer for sale, sell and have sold Plaintiff's products, including fire places, in this judicial district

1

3. Defendant Techo-Bloc USA Corp. is a corporation organized and existing under the laws of the state of Delaware and, on information and belief, has a principal place of business at 852 Pennsylvania Ave., Pen Argyl, Pennsylvania 18072.

4. Defendant Techo-Bloc Corp. is a corporation organized and existing under the laws of the state of Delaware and, on information and belief, has a principal place of business at 852 Pennsylvania Ave., Pen Argyl, Pennsylvania 18072.

5. Defendant Techo-Bloc Midwest Corp. is a corporation organized and existing under the laws of the state of Delaware and, on information and belief, has a principal place of business at 2397 County Road 27, Waterloo, Indiana 46793.

6. Defendant Techo-Bloc (NE) Corp. is a corporation organized and existing under the laws of the state of Delaware and, on information and belief, has a principal place of business at 70 E. Brookfield Road, N. Brookfield, MA 01535.

7. Defendants Techo-Bloc USA Corp., Techo-Bloc Corp., Techo-Bloc Midwest Corp. and Techo-Bloc (NE) Corp. shall be referred to herein collectively as the Techo-Bloc Corporate Defendants.

8. Defendant Plant Retrievers Wholesale Nursery, LLC ("Plant Retrievers") is a limited liability company organized and existing under the laws of the state of Delaware and, on information and belief, has a principal place of business at 13418 Seashore Highway, Georgetown, DE 19947.

9. According to the website www.techo-bloc.com, Defendant Plant Retrievers is one of many "local Techo-Bloc authorized resellers." *See, e.g.*, https://www.techo-bloc.com/find-a-store-dealer-near-you/. The bottom of the webpage accessed at https://www.techo-bloc.com/find-a-store-dealer-near-you/ identifies

Defendant Plant Retrievers and contains the following printed statement: "© 2016 Techo-Bloc 1.877.832.4625 - 5255, Albert-Millichamp Street, St-Hubert, QC J3Y 8Z8."

10.     Upon information and belief, at least three different corporate entities share 5255 Albert-Millichamp Street, St.-Hubert, QC J3Y 8A8 as an address. Upon information and belief, Techo-Bloc Inc. is a business organized and existing under the laws of Quebec, Canada with a principal place of business at 5255 Albert-Millichamp Street, St.-Hubert, QC (Quebec), Canada J3Y8Z8. Also for example, upon information and belief, 9140-8427 Quebec Inc. is a business organized and existing under the laws of Quebec, Canada with a principal place of business address at 5255 Albert-Millichamp Street, St.-Hubert, QC (Quebec), Canada J3Y8Z8. Also for example, upon information and belief, 9053-6012 Quebec Inc. is a business organized and existing under the laws of Quebec, Canada with a principal place of business address at 5255 Albert-Millichamp Street, St.-Hubert, QC (Quebec), Canada J3Y8Z8.

11.     Upon information and belief Calogero Ciccarello is a Canadian citizen having a residential address at 111 av. des Pins, Saint-Jean-sur-Richelieu (Quebec), Canada J2W1A4.

12.     Upon information and belief, Calogero Ciccarello is an owner, officer and/or director of each of the aforementioned Tech-Bloc Corporate Defendants, Techo-Bloc, Inc., 9140-8427 Quebec Inc. and 9053-6012 Quebec Inc. Attached as Exhibit A hereto is a copy of information downloaded from the website maintained by the Registraire des enterprises Quebec, which identifies Calogero Ciccarello as president of Techo-Bloc USA Corp. Attached as Exhibit B hereto is a copy of information downloaded from the website maintained by the Registraire des enterprises Quebec,

which identifies Calogero Ciccarello as president of Techo-Bloc Corp. Attached as Exhibit C hereto is a copy of information downloaded from the website maintained by the Illinois Secretary of State, which identifies Calogero Ciccarello as president of Techo-Bloc Midwest Corp. Attached as Exhibit D hereto is a copy of information downloaded from the website maintained by the Massachusetts Secretary of State, which identifies Calogero Ciccarello as president of Techo-Bloc (NE) Corp. Attached as Exhibit E hereto is a copy of information downloaded from the website maintained by the Registraire des enterprises Quebec, which identifies "Calobero" Ciccarello as president of Techo-Bloc (NE) Corp. On information and belief "Calobero" is a misspelling of Calogero. Attached as Exhibit F hereto is information downloaded from the website maintained by the Registraire des enterprises Quebec, which identifies Calogero Ciccarello as president and Nancy LaRocca as secretary of 9140-8427 Quebec Inc. Exhibit F also identifies 9140-8427 Quebec Inc. as having a business address at 5255 rue Albert-Millichamp, Longueuil (Quebec) J3Y8Z8, Canada. Attached as Exhibit G hereto is information downloaded from the website maintained by the Registraire des enterprises Quebec, which identifies Calogero Ciccarello as president and Nancy LaRocca as secretary of 9053-6012 Quebec Inc. Exhibit G also identifies Calogero Ciccarello and Nancy LaRocca as the first and second largest shareholders of 9053-6012 Quebec Inc. Exhibit G also identifies 9053-6012 Quebec Inc. as having a business address at 5255 rue Albert-Millichamp, Longueuil (Quebec) J3Y8Z8, Canada.

13.     Upon information and belief, Defendant Calogero Ciccarello has a significant ownership interest in each of the Techo-Bloc Corporate Defendants, Techo-Bloc Inc., 9140-8427 Quebec Inc. and 9053-6012 Quebec Inc. *See, e.g.*, Exhibits A-G.

4

14. Upon information and belief, Defendant Calogero Ciccarello exercises operational control over each of the Techo-Bloc Corporate Defendants, Techo-Bloc Inc., 9140-8427 Quebec Inc. and 9053-6012 Quebec Inc.

15. Upon information and belief, the Techo-Bloc Corporate Defendants and Techo-Bloc Inc. share many corporate officers and/or directors. For example, Exhibit A identifies Calogero Ciccarello and Nancy LaRocca as president and secretary, respectively, of Techo-Bloc USA Corp., Exhibit B identifies Calogero Ciccarello and Nancy LaRocca as president and secretary, respectively, of Techo-Bloc Corp., Exhibit C identifies Calogero Ciccarello and Nancy LaRocca as president and secretary, respectively, of Techo-Bloc Midwest Corp., and Exhibit D identifies Calogero Ciccarello and Nancy LaRocca as president and vice president, respectively, of Techo-Bloc (NE) Corp. Attached as Exhibit H hereto is information downloaded from the website maintained by the Registraire des enterprises Quebec, which identifies Calogero Ciccarello as president and Nancy LaRocca as Vice President, Secretary of Techo-Bloc Inc.

16. Upon information and belief, Calogero Ciccarello and Nancy LaRocca share a residential address of 111 av. des Pins, Saint-Jean-sur-Richelieu (Quebec), Canada J2W1A4.

17. Upon information and belief, the Techo-Bloc Corporate Defendants and Techo-Bloc Inc. maintain, support, and/or direct existing and potential customers, installers, contractors, resellers and/or dealers to the website www.techo-bloc.com. For example, Techo-Bloc Midwest Corp. was an exhibitor at a trade show in Minneapolis, MN in January 2016. At that trade show, employees or agents of Techo-Bloc Midwest

Corp. provided literature, such as catalogs, that included printed statements including the following: "Serving over 340 specialty landscape retailers in the USA. Visit techo-bloc.com to find the nearest one."

18. Upon information and belief, the Techo-Bloc Corporate Defendants and Techo-Bloc Inc. hold themselves out collectively as "The Techo-Bloc Group." For example, the www.techo-bloc.com website includes at least the following statement: "Today's Techo-Bloc Group comprises three production facilities in Canada, five new leading-edge plants in the USA, and six wholesale distribution centers located in: Ontario, Ohio, North Carolina, Massachusetts and Illinois. All Techo-Bloc facilities proudly perpetuate our commitment to creativity and excellence." (https://www.techo-bloc.com/contact-us/about-us/.)

19. The www.techo-bloc.com website includes a "Contact Us" link, which directs a user to a web page identifying 5255, Albert-Millichamp, St-Hubert, QC J3Y 8Z8 as the mailing address for the "Techo-Bloc head office." Attached as Exhibit I hereto is a copy of the information downloaded at https://www.techo-bloc.com/contact-us/.

20. The www.techo-bloc.com website includes a "Become a Dealer" link, which directs a user to a page having "Register Online" and "Download the PDF" links. A copy of the "Become a dealer" pdf obtained by clicking on the "Download the PDF" link is attached as Exhibit J hereto. The "Become a dealer" pdf states that the form may be emailed to an address at techo-bloc.com or faxed to 450-656-1983. Upon information and belief, 450-656-1983 is a telephone number in Quebec, Canada, that is associated with Techo-Bloc Inc.

21. The www.techo-bloc.com website includes at least the following statements and information:

- "Today's Techo-Bloc Group comprises three production facilities in Canada, five new leading-edge plants in the USA, and six wholesale distribution centers located in: Ontario, Ohio, North Carolina, Massachusetts and Illinois. All Techo-Bloc facilities proudly perpetuate our commitment to creativity and excellence." (https://www.techo-bloc.com/contact-us/about-us/)

- "Techo-Bloc head office: 1.877.832.4625" (https://www.techo-bloc.com/contact-us/)

- "Mailing address: 5255, Albert-Millichamp, St-Hubert, QC J3Y 8Z8" (https://www.techo-bloc.com/contact-us/)

- "As a family-owned company . . ." (https://www.techo-bloc.com/contact-us/about-us/careers/)

- Job postings for locations in the United States and in Canada (https://www.techo-bloc.com/contact-us/about-us/careers/). A copy of the careers and jobs posted as of 1/27/2016 is attached as Exhibit K hereto.

22. The www.techo-bloc.com website includes links to product catalogs, which identify products made, sold, offered for sale and/or imported by the Techo-Bloc Corporate Defendants, Techo-Bloc Inc. and Plant Retrievers.

23. The www.techo-bloc.com website includes links to various products made, used, sold, offered for sale and/or imported by the Techo-Bloc Corporate

7

Defendants. Attached as Exhibit L is a copy of the information concerning the Manchester Foyer fire place product that was downloaded from https://www.techo-bloc.com/products/foyer/ this year.

24. The www.techo-bloc.com website includes links to installation guides. Attached as Exhibit M is a true and correct copy of the Outdoor Features installation guide associated with a Manufacture Foyer fire place that was downloaded when pointing and clicking on the following link in Exhibit K: 

25. The www.techo-bloc.com website includes a "Where to buy" link. Accessing such link directs a customer, or potential customer, to a web page stating, among other things,

- "Contact your local Techo-Bloc authorized resellers directly to find out about in-store promotions and special pricing offers on your favorite products. You can also visit them to see, touch and feel samples of the specific Techo-Bloc product that captured your attention."
- "Search for your nearest store."

26. Defendant Plant Retrievers is identified as a local Techo-Bloc authorized reseller in the state of Delaware.

27. Upon information and belief, Defendant Plant Retrievers holds itself out as "the distributor of Cambridge Pavingstone and Techo-Bloc." Attached as Exhibit N is a true and correct copy of the http://www.plantretrievers.com/ web page downloaded on February 10, 2016.

28. The www.techo-bloc.com website includes a "Find a pro" link. Accessing such link directs a customer, or potential customer, to a web page stating, among other things,

- "A quality installation is just as important as the stone itself, which is why Techo-Bloc has created the Techo-Pro contractors program, a referral program that helps you find a qualified Techo-Bloc contractor in your area with the knowledge and experience to design and build exactly what you want."
- "Techo-Pro contractors have been prescreened to ensure that your driveway, poolside, patio, steps, walkway, or other installation needs meets or exceeds not just industry standards, but also our own. Be sure to read our HELPFUL TIPS TO FIND THE RIGHT CONTRACTOR, before choosing any professional to do your work."
- "Search for a Techo-Pro near you."

29. Upon information and belief, in addition to Defendant Plant Retrievers, authorized Techo-Pro contractors in Delaware include Banning Hardscapes, Ewing Designs Inc., Pro Image Landscaping Inc., Irwin Landscaping Inc. and Keener Sensenig Company.

30. Upon information and belief, each of Defendants directly or indirectly through subsidiaries, agents, or affiliated companies markets, distributes, manufactures, imports, sells, offers to sell, has sold and/or uses concrete masonry and hardscape products, including modular outdoor products such as the Manchester Foyer fire place.

**JURISDICTION**

31. This action for patent infringement arises under the Patent Act, 35 U.S.C. § 271, et seq. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

32. This Court has personal jurisdiction over the Techo-Bloc Corporate Defendants. Each of the Techo-Bloc Corporate Defendants is incorporated under the laws of Delaware. Upon information and belief, one or more of the Techo-Bloc Corporate Defendants has transacted and continues to transact business in this judicial district.

33. This Court has personal jurisdiction over Defendant Plant Retrievers. Defendant Plant Retrievers is organized under the laws of Delaware and, on information and belief, has a principal place of business in Delaware.

34. The Techo-Bloc Corporate Defendants and Defendant Plant Retrievers have committed or caused acts of infringement and tortious injury to Plaintiff in this judicial district. Defendants have also engaged in substantial and not isolated activity within this state. For example, upon information and belief, at least one or more of the Techo-Bloc Corporate Defendants and/or Plant Retrievers (or their employees or agents) attended and demonstrated products at a Contractor Showcase Event in Dover, Delaware on or about January 25, 2016.

35. Defendants have committed acts of patent infringement within this judicial district. Defendants, directly or through intermediaries, import, manufacture, use, import, sell, offer to sell and/or have sold (including through http://www.techo-bloc.com) infringing products within this judicial district. Defendants also purposefully and

voluntarily place infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this judicial district. Defendants reasonably should have anticipated being subject to suit in this judicial district. Defendants' acts of patent infringement are aimed at this judicial district and/or have effect in this judicial district.

36. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I
### Claim for Patent Infringement of U.S. Patent No. 8,931,218

37. The allegations of paragraphs 1 through 36 are re-alleged as if fully set forth herein.

38. On January 13, 2015, United States Patent No. 8,931,218, entitled "Modular Brick or Block Outdoor Structures" was duly and legally issued. Plaintiff is the owner of the entire right, title, and interest in and to United States Patent No. 8,931,218 ("the '218 Patent"), and has been and still is the owner of such patent. Plaintiff has the right to recover all damages, including past damages suffered by previous owners of the '218 Patent, associated with infringement of the '218 Patent. A copy of the '218 Patent is attached hereto as Exhibit O.

39. Defendant Plant Retrievers and the Techo-Bloc Corporate Defendants have, on information and belief, made, used, sold, and/or offered to sell in the United States, including in this district, one or more modular sections described by one or more claims of the '218 Patent.

40. For example, Plant Retrievers has, on information and belief, made, used, sold, and/or offered to sell in the United States products including, without limitation, the Manchester Foyer fire place.

11

41. Also for example, upon information and belief, Defendant Plant Retrievers has entered into a contract or other agreement with one or more of the Techo-Bloc Corporate Defendants for the manufacture, use, sale, and/or offer for sale of products including, without limitation, the Manchester Foyer fire place.

42. Also for example, the Manchester Foyer fire place includes one or more modular sections that each include a plurality of bricks, a plurality of blocks, or a combination of a plurality of bricks and blocks as recited in claim 1. *See, e.g.*, Ex. M at pages 8-9.

43. Also for example, the Manchester Foyer fire place includes at least one modular section that includes an adhesive to secure the plurality of bricks, blocks, or combination thereof in a pre-assembled configuration of such bricks, blocks or combination thereof, the pre-assembled configuration having a bottom portion and assembled at a first site as recited in claim 1. *See, e.g.*, Ex. M at pages 8-9.

44. Also for example, the Manchester Foyer fire place includes at least one modular section that includes two channels formed in the bottom portion of the pre-assembled configuration as recited in claim 1. *See, e.g.*, Ex. M at pages 8-9.

45. Also for example, the Manchester Foyer fire place includes at least one modular section that includes a pair of bricks, blocks, a combination thereof, or a portion of such pair, which is inserted into the two channels to cosmetically hide the channels from view following installation of the modular section at a second site as recited in claim 1. *See, e.g.*, Ex. M at pages 8-9.

46. Upon information and belief, the Manchester Foyer fire place infringes other claims recited in the '218 patent, including without limitation claims 2 and 3. For

example, the two channels formed in the bottom portion of at least one of the Manchester Foyer modular sections are formed to receive two lift forks as recited in claim 2. *See, e.g.*, Ex. M at pages 8-9. Also for example, at least one of the Manchester Foyer modular sections is combined with at least one other modular section as part of an outdoor structure as recited in claim 3. *See, e.g.*, Ex. M at pages 8-9.

47. Defendants' making, importing, selling, use and/or offer of sale of products such as the Manchester Foyer directly infringes the '218 patent.

48. Upon information and belief, Techo-Bloc USA Corp. has actively induced the other Techo-Bloc Corporate Defendants and Defendant Plant Retrievers to manufacture, use, import, sell, use and/or offer to sell products such as the Manchester Foyer fire place in the United States.

49. Upon information and belief, one or more of the Techo-Bloc Corporate Defendants have actively induced others, including without limitation Defendant Plant Retrievers, to manufacture, use, import, sell, use and/or offer to sell products such as the Manchester Foyer fire place in the United States.

50. Defendant Plant Retrievers has actively induced others, including without limitation its customers, to manufacture or use products such as the Manchester Foyer fire place in the United States.

51. Upon information and belief, the Techo-Bloc Corporate Defendants have had knowledge of the '218 Patent and its infringement since no later than May of 2015.

52. Oldcastle Building Products, Inc. and its affiliates informed Calogero Ciccarello, by way of a letter dated May of 2015, that "Techo-Bloc Inc. and/or its affiliates" (such as the Techo-Bloc Corporate Defendants identified herein) were

infringing the '218 patent in connection with the manufacture, use, import, selling and/or offering for sale of products such as the Manchester Foyer fire place in the United States. Attached hereto as Exhibit P is a true and correct copy of that letter.

53. Calogero Ciccarello has never contended to Oldcastle Building Products, Inc. or its affiliates that the '218 patent is not infringed by products such as the Manchester Foyer fire place or that the '218 Patent is not valid.

54. No Defendant has ever contended to Oldcastle Building Products, Inc. or its affiliates that the '218 patent is not infringed by products such as the Manchester Foyer fire place or that the '218 Patent is not valid.

55. Since May of 2015, Techo-Bloc Inc. and the Techo-Bloc Corporate Defendants have continued making, using, importing, selling and/or offering for sale infringing products such as the Manchester Foyer fire place and providing installation guidelines such as referenced in the letter of Exhibit P.

56. By no later than the receipt of this Complaint, the Techo-Bloc Corporate Defendants and Defendant Plant Retrievers had knowledge of the '218 Patent and the infringement of such patent.

57. Upon information and belief, Defendants also have been and are contributory infringers to one or more claims of the '218 patent by their actions relating to making, using, importing, selling and/or offering for sale the products such as the Manchester Foyer.

58. Defendants' Manchester Foyer fire place modular section including a plurality of bricks, blocks or combination of bricks and blocks and an adhesive to secure such bricks, blocks or combination of bricks and blocks in a pre-assembled configuration

14

having a bottom portion with two channels formed within the bottom portion, with an additional pair of filler blocks that are inserted into the two channels following installation of the modular section at a second site constitute at least a material component of the invention claimed in the '218 Patent that has no substantial non-infringing use and is not a staple article of commerce.

59. At least as early as May of 2015, the Techo-Bloc Corporate Defendants and Techo-Bloc Inc. have known that their Manchester Foyer fire place products are especially made or especially adapted for use in infringing the '218 Patent.

60. By no later than the receipt of this Complaint, the Techo-Bloc Corporate Defendants and Defendant Plant Retrievers have known that their Manchester Foyer fire place products are especially made or especially adapted for use in infringing the '218 Patent.

61. The making, using, importing, selling and/or offering for sale of Defendants' Manchester Foyer fire place results in direct infringement of the '218 Patent. Upon information and belief, makers and users of Manchester Foyer fire place, including employees of Defendants, use the products to infringe the '218 Patent.

62. Plaintiff has satisfied the notice provisions of 35 U.S.C. § 287.

63. Plaintiff has been and continues to be irreparably harmed and monetarily harmed by Defendants' infringement of the '218 Patent. If Defendants' infringement is not enjoined, Plaintiff will continue to be irreparably and monetarily harmed.

64. Defendants' acts of infringement have been and continue to be willful, as Defendants knew or should have known of the '218 Patent and that their making, using, selling, offering for sale and/or importing activities alleged herein would infringe the

'218 Patent, but acted despite an objectively high likelihood that such activities would infringe the '218 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

 A. A judgment that Defendants have infringed the '218 Patent;

 B. A judgment and order requiring Defendants to pay all appropriate damages, including prejudgment and post-judgment interest, under 35 U.S.C. § 284, and treble damages for all willful infringement;

 C. A judgment and order requiring Defendants to pay the costs of this action, including all disbursements, and attorney fees, if this case is exceptional as provided by 35 U.S.C. § 285; and

 D. Both preliminary and permanent injunctions against Defendants and their officers, agents, employees, attorneys, and all persons in active concert or participation with them, prohibiting infringement of the '218 Patent; and

 E. Such other and further relief that this Court may deem just and equitable.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues so triable.

Dated: February 26, 2016   PHILLIPS, GOLDMAN & SPENCE, P.A.

          */s/ John C. Phillips, Jr.*
          John C. Phillips, Jr. (No. 110)
          Megan C. Haney (No. 5016)
          1200 North Broom Street
          Wilmington, Delaware 19806-4204
          Telephone: (302) 655-4200

Facsimile: (302) 655-4210
jcp@pgslaw.com
mch@pgslaw.com

*Of Counsel:*
Alan G. Carlson (MN# 14,801)
Dennis C. Bremer (MN# 299,182)
William F. Bullard (MN# 391,013)
CARLSON, CASPERS, VANDENBURGH,
LINDQUIST & SCHUMAN, P.A
225 South Sixth Street, Suite 3200
Minneapolis, Minnesota 55402
Phone: (612) 436-9600
Fax: (612) 436-9605